## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHONDERA DRAYTON, *on her own behalf and as a Parent and Natural Guardian of* A.D., *a Minor*, | Civil Action No. 2:24-cv-5831 _____ |
| *Plaintiffs*, | **(Formerly Case ID No. 220302594, Court of Common Pleas Philadelphia County)** |
| v. | |
| MEAD JOHNSON & COMPANY, LLC; MEAD JOHNSON NUTRITION COMPANY; and ABBOTT LABORATORIES, | **NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 BY DEFENDANT ABBOTT LABORATORIES** |
| *Defendants*. | |

PLEASE TAKE NOTICE THAT Defendant Abbott Laboratories ("Abbott") hereby removes the above-captioned action from the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Case ID No. 220302594, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In support of this Notice of Removal, Abbott states the following:

### NATURE OF REMOVED ACTIONS

1.      Plaintiff Shondera Drayton commenced this action in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, captioned *Shondera Drayton v. Mead Johnson & Company, LLC, et al.*, bearing Case ID No. 220302594. A true and correct copy of plaintiff's Complaint, along with a copy of all process, pleadings, and orders filed and served upon Abbott, are attached hereto as Exhibits A–1–61.

2.      This action involves product liability claims arising from infant A.D. allegedly developing necrotizing enterocolitis ("NEC") after being born prematurely on March 25, 2021. Plaintiff alleges that Abbott's and/or Mead Johnson's cow's milk-based preterm infant formula and/or human milk fortifier products caused A.D. to develop NEC.

3.     Plaintiff asserts the following causes of action against Abbott and defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company ("Mead Johnson"): (1) strict liability for design defect (Count I); (2) strict liability for failure to warn (Count II); (3) negligence (Count III); (4) intentional misrepresentation (Count IV); and (5) negligent misrepresentation (Count V).

4.     This action is one of many cases that have been filed in both federal and state courts across the country in which the plaintiffs allege that Abbott's and/or Mead Johnson's specialized preterm infant formula and/or human milk fortifiers caused their premature infants to develop NEC.  On April 8, 2022, the United States Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, issued an order directing that the then-pending federal cases be transferred and coordinated for pretrial proceedings before the Honorable Rebecca R. Pallmeyer in the United States District Court for the Northern District of Illinois.  *See In re Preterm Infant Nutrition Prods. Liab. Litig.*, MDL No. 3026, Dkt. 119 (N.D. Ill. Apr. 8, 2022) (hereinafter, "MDL 3026").

5.     Abbott intends to promptly seek the transfer of this action to MDL 3026 and will shortly provide the JPML with notice of this action pursuant to the procedure for tag-along actions set forth in the JPML Rules.

6.     As more fully set forth below, removal to this Court is proper pursuant to 28 U.S.C. § 1441 because Abbott has met the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

7.     Plaintiff filed this action in state court on or about March 24, 2022.  Abbott's registered agent was served with the Complaint via process server on or about April 19, 2022.  Mead Johnson, which was served on or about April 15, 2022, has consented to removal.

8.     On October 21, 2024, the Court of Common Pleas dismissed with prejudice plaintiff's claims against former co-defendants Pennsylvania Hospital of the University of Pennsylvania Health System d/b/a Pennsylvania Hospital and The Trustees of the University of Pennsylvania d/b/a Penn Medicine.  *See* Ex. A-61 ("This Court has reviewed the Complaint and taken as true the scant <u>factual</u> averments plead therein and agrees with the defendant hospital system that the claims plead by plaintiff against the hospital based on the facts alleged, are not recognized under Pennsylvania law and do not set forth a prima facie case under any recognized claim against the hospital system").

9.     This Notice of Removal is being filed within 30 days of that order, which dismissed the only in-state defendants from the case.  *See* 28 U.S.C. § 1446(b)(3).  Those defendants were fraudulently joined in this action, as plaintiff's claims against them were wholly insubstantial and plaintiff had no real intention in good faith to prosecute the action against them.  For similar reasons, plaintiff acted in bad faith by naming them to prevent Abbott from removing the case.  This Notice of Removal is therefore timely.  *See id.*; § 1446(c)(1).

10.     Pursuant to 28 U.S.C. § 1441(a), this Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania.  The United States District Court for the Eastern District of Pennsylvania is the proper division to which this action should be assigned because it is the federal district court embracing the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, where plaintiff's action is pending.  *See* 28 U.S.C. § 1441(a); *see also id.* § 118(a).

## THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332

11.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.    **There Is Complete Diversity Of Citizenship.**

12.    On information and belief, plaintiff is a citizen of Pennsylvania and was so at all relevant times, thereby making plaintiff a citizen of Pennsylvania for diversity purposes.  2d Am. Compl. ¶ 3.

13.    For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1).

14.    For diversity jurisdiction purposes, a limited liability company carries the citizenship of each of its members.  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

15.    Defendant Abbott was at the time of filing of the Complaint, and has been at all intervening times, a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

16.    Defendant Mead Johnson Nutritional Company is a wholly-owned subsidiary of Reckitt Benckiser PLC and is now, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Indiana.  It is thus a citizen of those two states.

17.    Defendant Mead Johnson & Company, LLC is a limited liability company whose sole member is Mead Johnson Nutritional Company, and is therefore a citizen of the States of Delaware and Indiana.

18.    Because plaintiff is a citizen of Pennsylvania and defendants are not, the parties are of diverse citizenship pursuant to 28 U.S.C. § 1332(a).

**B.     The Amount In Controversy Exceeds $75,000.**

19.     Where, as here, "Pennsylvania does not permit a demand for a specific sum, and the plaintiff seeks open-ended damages in excess of $50,000," defendants "must prove by a preponderance of the evidence that the plaintiff's claims exceed $75,000." *Goldfarb v. Kalodimos*, 539 F. Supp. 3d 435, 449 (E.D. Pa. 2021) (internal quotation omitted).  Punitive damages are properly considered in addition to compensatory damages when determining whether the jurisdictional amount has been satisfied.  *Id.* at 450; *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993).  Claims for punitive damages "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (internal quotation omitted).  For that reason, "courts in this District hold that the amount in controversy requirement is met when a punitive to compensatory damages ratio of at least 1-to-1 exceeds the $75,000 threshold." *Goldfarb*, 539 F. Supp. 2d at 450.

20.     Plaintiff's prayer for compensatory and punitive damages, along with the allegations in the Complaint, establish the amount in controversy exceeds $75,000.  For each of the causes of action against Abbott and Mead Johnson, plaintiff invokes joint and several liability and demands compensatory damages "in excess of $50,000" in addition to punitive damages "in excess of $50,000." 2d Am. Compl. ¶¶ 115(a), (d),  123(a), (d), 132(a), (d), 142(a), (d), 152(a), (d).  Those damages allegedly stem from "injuries, including but not limited to, a diagnosis of NEC, medical treatment of NEC, and developmental delays including neurological developmental delays." *Id.* ¶ 20.  Even a 1-to-1 ratio of punitive damages to the compensatory damages requested would satisfy the jurisdictional threshold.  Plaintiff also demands unspecified amounts of non-economic damages, lost income, out-of-pocket costs, lost earning capacity, medical costs, and attorney's fees.  2d Am. Compl. ¶¶ 115(b)–(c), 123(b)–(c), 132(b)–(c), 142(b)–(c), 152(b)–(c).

The amount in controversy therefore exceeds $75,000. Abbott makes this assertion in good faith based on plaintiff's requests for relief and her alleged injuries.

## NON-WAIVER OF DEFENSES

21.     By filing this Notice of Removal, Abbott does not waive any available defenses, including, but not limited to, personal jurisdiction or venue. *McCurtain Cnty. Prod. Corp. v. Cowett*, 482 F. Supp. 809, 813 (E.D. Okla. 1978) ("[A] defendant waives nothing by removing the case and may move to dismiss for lack of personal jurisdiction after the removal") (citing 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3738 at 749–50 (1976)).

## CONCLUSION

22.     Complete diversity exists between plaintiff, a citizen of Pennsylvania, and defendants Abbott and Mead Johnson, citizens of Illinois, Indiana, and Delaware. The amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

23.     Abbott will provide plaintiff with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will file a copy of this Notice of Removal with the First Judicial District of Pennsylvania, Court of Common Pleas, Philadelphia County, where the Complaint was originally filed.

WHEREFORE, Abbott removes this action from the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

Dated: October 31, 2024                    Respectfully submitted,

<table>
<tr>
<td>

*/s/ Sean P. Fahey*
Sean P. Fahey (PA Bar No. 73305)
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
3000 Two Logan Square
Philadelphia, PA 19103
215.981.4296
Sean.Fahey@troutman.com

</td>
<td>

*/s/ Joseph E. O'Neil*
Joseph E. O'Neil (PA Bar No. 29053)
Ryan J. O'Neil (PA Bar No. 314034)
**CAMPBELL CONROY & O'NEIL, P.C.**
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
610.964.6388
JONeil@campbell-trial-lawyers.com
RONeil@campbell-trial-lawyers.com

</td>
</tr>
<tr>
<td>

*/s/ Ronni E. Fuchs*
Ronni E. Fuchs (PA Bar No. 65561)
Noël B. Ix (PA Bar No. 70077)
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
301 Carnegie Center, Suite 400
Princeton, NJ 08540
609.951.4183
609.951.4102
Ronni.Fuchs@troutman.com
Noel.Ix@troutman.com

</td>
<td>

*/s/ Marques Hillman Richeson*
Marques Hillman Richeson (*pro hac vice
forthcoming*)
**JONES DAY**
901 Lakeside Avenue
Cleveland, OH 44114
216.586.7195
mhricheson@jonesday.com

*Counsel for Abbott Laboratories*

</td>
</tr>
</table>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court, and that a copy of the foregoing is being furnished by U.S. Mail and e-mail to counsel for plaintiff, at the following addresses:

**KLINE & SPECTER, P.C.**
Thomas R. Klein, Esq. (28895)
Tobias L. Millrood, Esq. (77764)
Elizabeth A. Crawford, Esq. (313702)
Timothy A. Burke, Esq. (320927)
John P. O'Neill, Esq. (205677)
125 Locust Street, 19th Floor
Philadelphia, PA 19102
Telephone: (215) 772-1000
Thomas.kline@klinespecter.com
Tobi.millrood@klinespecter.com
Elizabeth.crawford@klinespecter.com
Timothy.burke@klinespecter.com
Jack.oneill@klinespecter.com

**KELLER POSTMAN LLC**
Benjamin Whiting, Esq. (pro hac vice)
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
Fax: (312) 971-3502
ben.whiting@kellerpostman.com

*Counsel for Plaintiff*

*/s/ Sean P. Fahey*
Sean P. Fahey